**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **GREGORY HOLDEN** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | |
| **DISTRICT ATTORNEY OFFICE** | : | **NO. 07-cv-0751** |

| | | |
|---|---|---|
| **GREGORY HOLDEN** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | |
| **MR. WYNDER, et al.** | : | **NO. 06-cv-5202** |

**MEMORANDUM AND ORDER**

The Antiterrorism and Effective Death Penalty Act of 1996 (commonly known as "AEDPA," and codified as 28 U.S.C. §§2241-2266) deals with the right of all persons in state custody, or in federal custody, to file a petition in a federal court seeking the issuance of a writ of habeas corpus.  If such a writ of habeas corpus is issued by a federal court, the prisoner will be released from either state custody or federal custody (as the case may be) on the grounds that his rights guaranteed by the United States Constitution have been violated; habeas corpus motions pursuant to AEDPA are the ***only*** possible means of obtaining this type of relief.  Benchoff v. Colleran, 404 F.3d 812 (3rd Cir. 2005); Okereke v. United States, 307 F.3d 117 (3rd Cir. 2003); Coady v. Vaughn, 251 F.3d 480 (3rd Cir. 2001); United States v. Dorsainvil, 119 F.3d 245 (3rd Cir. 1997).

By means of AEDPA, Congress ***intentionally*** created a series of ***restrictive gate-keeping conditions*** which must be satisfied for a prisoner to prevail regarding a petition seeking the issuance of a writ of habeas corpus.  One such intentionally restrictive gate-keeping condition is AEDPA's ***strict and short statute of limitations***.  Another one of these intentionally restrictive gate-keeping conditions is AEDPA's so-called ***"second or successive rule"*** that generally forbids a litigant from filing a habeas if that litigant had at least one prior habeas that was dismissed with prejudice.  Petitioner in the instant case has two prior 28 U.S.C. §2254 petitions: 96-cv-5957, which was dismissed without prejudice

on the grounds that petitioner had not yet exhausted his state court remedies; and, 06-cv-5202, which was dismissed without prejudice on the grounds that the AEDPA fee requirements had not been met.  Accordingly, neither of these two cases trigger the second or successive rule of AEDPA.  Slack v. McDaniel, 529 U.S. 473 (2000); Hull v. Kyler, 190 F.3d 88 (3d Cir. 1999); Christy v. Horn, 115 F.3d 201, 208 (3d Cir. 1997); Carpenter v. Vaughn, 296 F.3d 138 (E.D. Pa. 2002); Rauso v. Vaughn, 79 F.Supp. 2d 550 (E.D. Pa. 2000).  Petitioner repeatedly claims in his petition in 07-cv-0751 that 06-cv-5202 was dismissed by this court as "untimely," but that is not what really happened; the fact is that 06-cv-5202 was dismissed without prejudice on February 12, 2007 because petitioner failed to satisfy the AEDPA filing fee requirement.  Accordingly, the second or successive rule is not an issue in the instant case.[1]

07-cv-0751 raises three claims that allegedly justify his release from state custody:

1.      Black persons were allegedly illegally excluded from being jurors in his trial;

2.      Allegedly ineffective assistance of counsel at sentencing, and failure of counsel to file a Notice of Appeal;

3.      The verdict was allegedly against the weight of the evidence or was allegedly based on insufficient evidence; this includes the argument that the prosecution's key witness was allegedly intimidated by actual or threatened violence on the part of the police, and that this key witness allegedly later recanted his testimony.

These are clearly claims by petitioner that his rights guaranteed by the Fifth, Sixth and Fourteenth Amendments to the United States Constitution have been violated by the state court that convicted and sentenced him, for which relief is provided to prisoners by AEDPA; however, petitioner bases his grounds for relief not on AEDPA, but on Federal Rule of Civil Procedure 60(b).  For the following reasons, this attempt to invoke Rule 60(b) to obtain release from custody with an argument based upon the United States

---

[1]This court will not address the issues raised by AEDPA's statute of limitations at this time; these issues may be considered at some time in the future, provided that petitioner complies with this Order.

Constitution must fail, as any attempt to challenge the merits of an underlying state court decision with claims based on the United States Constitution may only be pursued by a prisoner by means of a habeas corpus motion filed pursuant to AEDPA.  Gonzalez v. Crosby, 545 U.S. 524 (2005); Pridgen v. Shannon, 380 F.3d 721 (3d Cir. 2004).

The express language of AEDPA itself is strong evidence of Congressional intent that AEDPA, and **_only_** AEDPA, is available for relief from incarceration for prisoners who make an argument for release from custody based on the United States Constitution, and that "Rule 60(b) applies ... only to the extent that it is not inconsistent with (AEDPA)." Gonzalez v. Crosby, 545 U.S. 524 (2005).  Accord, Pridgen v. Shannon, 380 F.3d 721 (3d Cir. 2004); United States v. Baptiste, 223 F.3d 188 (3d Cir. 2000); In re Dorsainvil, 119 F.3d 245 (3d Cir. 1997).  The Supreme Court of the United States has held that federal statutes, such as AEDPA, take precedence over any rule of court (including Rule 60(b)), and that where a prisoner files a purported Rule 60(b) motion which makes an argument based upon the United States Constitution, that that purported Rule 60(b) petition is to be treated as "similar enough" (in the Supreme Court's own words) to an AEDPA claim that failure to apply the gate-keeping rules of AEDPA would be inconsistent with AEDPA. Gonzalez v. Crosby, 545 U.S. 524 (2005).  See, also, Pridgen v. Shannon, 380 F.3d 721 (3d Cir. 2004);  United States v. Baptiste, 223 F.3d 188 (3d Cir. 2000); In re Dorsainvil, 119 F.3d 245 (3d Cir. 1997).  The fact that habeas corpus relief pursuant to AEDPA may possibly be precluded by the gate-keeping rules of AEDPA does not mean that an alternative route to the same goal is available by means of a Petition pursuant to Rule 60(b).  Gonzalez v. Crosby, 545 U.S. 524 (2005); United States v. Baptiste, 223 F.3d 188 (3d Cir. 2000); In re Dorsainvil, 119 F.3d 245 (3d Cir. 1997).

In the context of prisoners, the only way that a Rule 60(b) motion would not be treated as a de facto AEDPA petition is if the Rule 60(b) Motion did not in any way attack the prisoner's conviction and/or sentence with an argument based upon the federal

constitution. <u>Gonzalez v. Crosby</u>, 545 U.S. 524 (2005). An example of such a case where the court could consider such a Rule 60(b) motion is where the previous habeas decision was denied without merits consideration, and the prisoner attacks solely the basis of how that previous non-merits decision was procured ***without making an argument based upon the federal constitution.*** <u>Gonzalez v. Crosby</u>, 545 U.S. 524 (2005); <u>Pridgen v. Shannon</u>, 380 F.3d 721 (3d Cir. 2004). In this court's view, the instant case is not on point with the narrow exception to the general rules of AEDPA and Rule 60(b) carved out by the U.S. Supreme Court in <u>Gonzalez</u> and by the United States Court of Appeals for the Third Circuit in <u>Pridgen</u>, as petitioner is attacking the constitutionality of his state court conviction.

However, even though, for the previously stated reasons, petitioner's claims are not cognizable upon the basis of Rule 60(b), but may ***perhaps***, ***possibly***, be cognizable under 28 USC §2254, this court is also of the view that whereas 06-cv-5202 and 07-cv-0751 raise the exact same arguments; and, that whereas petitioner claims in 07-cv-0751 that he wants 06-cv-5202 reversed; and, that whereas petitioner is a layman without benefit of counsel, that the interests of fairness require dismissal of 07-cv-0751 as a Rule 60(b) case and reopening 06-cv-5202 as a 28 USC §2254 case. Accordingly, this

day of March, 2007, it is hereby

**ORDERED** that Document #1 in 07-cv-0751 shall be re-labeled by the Clerk of this Court so as to indicate that it is both Document #1 in 07-cv-0751 and Document #5 in 06-cv-5202, and that it was filed in this court on February 23, 2007, and the Clerk of this Court shall place the original version of this document in the casefile for 07-cv-0751 (labeled as its Document #1) and the Clerk of this Court shall place a true and accurate photocopy of this document in the casefile for 06-cv-5202 (labeled as its Document #5), and, it is further

**ORDERED** that the Clerk of this Court shall label the instant Order as being both Document #2 in 07-cv-0751 and Document #6 in 06-cv-5202, and, it is further

**ORDERED** that 07-cv-0751 is **DISMISSED WITHOUT PREJUDICE**, and petitioner's

4

application for relief pursuant to Federal Rule of Civil Procedure 60(b) is **DENIED**, and, it is further

  **ORDERED** that the Clerk of this Court shall mark 07-cv-0751 as **CLOSED** for all purposes, including statistics, and, it is further

  **ORDERED** that this court's Order of February 12, 2007 in 06-cv-5202 is **VACATED**, and 06-cv-5202 is **REOPENED** for all purposes, and, it is further

  **ORDERED** that petitioner is to pay to this court the five dollar ($5.00) fee required in 06-cv-5202 within thirty (30) days, or else 06-cv-5202 will be once again dismissed.

         **S/ J. CURTIS JOYNER**
         **J. CURTIS JOYNER, U.S. District Judge**