IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| GREGORY HOLDEN, | : | |
| --- | --- | --- |
| Petitioner, | : | |
| | : | CIVIL ACTION |
| v. | : | No. 06-5202 |
| | : | |
| KEVIN RANSOM, et al., | : | |
| Respondents. | : | |

## ORDER

**AND NOW,** this 28th day of November, 2023, it is **ORDERED** that Mr. Holden's Counseled Motion for Relief from Final Order and Judgment Pursuant to Federal Rule of Civil Procedure 60(b) (ECF No. 26) is **GRANTED**.[1] The Court's judgment denying Petitioner's Writ of Habeas Corpus (ECF No. 17) is **VACATED** pursuant to Federal Rule of Civil Procedure 60(b)(6). Petitioner's request for leave to file an Amended Petition for Writ of Habeas Corpus is **GRANTED**. Petitioner must file an Amended Petition **on or before January 29, 2024**.

                                           s/ANITA B. BRODY, J.
                                           ANITA B. BRODY, J.

---

[1] Federal Rule of Civil Procedure 60(b) provides that "the court may relieve a party . . . from a final judgment, order, or proceeding for . . . (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). "Despite the open-ended nature of the provision, a district court may only grant relief under Rule 60(b)(6) in extraordinary circumstances where, without such relief, an extreme and unexpected hardship would occur." *Satterfield v. Dist. Att'y of Philadelphia*, 872 F.3d 152, 158 (3d Cir. 2017) (internal quotation marks omitted). In the Third Circuit, one "extraordinary circumstance" under Rule 60(b)(6) is the change in law announced by the Supreme Court's ruling in *McQuiggin v. Perkins*, 569 U.S. 383 (2013). *See Satterfield*, 872 F.3d at 158, 162-63. In *McQuiggin*, the Court held that a showing of actual innocence "serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar . . . or . . . expiration of the statute of limitations." *McQuiggin*, 569 U.S. at 386. To pass through this gateway, the habeas petitioner must "persuade[] the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id.* (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)). Following the change in law announced by *McQuiggin*, the Third Circuit held that "a proper demonstration of actual innocence . . . should permit Rule 60(b)(6) relief unless the totality of equitable circumstances ultimately weigh heavily in the other direction." *Satterfield*, 872 F.3d at 163. In this case, the government agrees that petitioner "has put forward compelling evidence supporting his claim of innocence" and that relief under Rule 60(b)(6) is appropriate. Resp. Mem. (ECF No. 35) at 16. This concession is "entitled to and given great weight," *Sibron v. New York*, 392 U.S. 40, 58 (1968), because "[i]n our adversarial system of adjudication, we follow the principle of party presentation," *United States v. Sineneng-Smith*, 140 S. Ct. 1575, 1579 (2020). The court is satisfied with the government's analysis and accepts its conclusion that the petitioner merits relief under Rule 60(b)(6).